IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCY JACKSON VERNON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-1482-BF (P) |
| | § | |
| LINDA ROLLINS-THREATS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a consent case before the United States Magistrate Judge.  On July 9, 2004,

Plaintiff Marcy Jackson Vernon ("Plaintiff") filed this suit alleging that Defendant Linda

Rollins-Threats ("Defendant") violated her constitutional rights under 42 U.S.C. § 1983 by

failing to do a proper psychological evaluation in a state court child custody proceeding, and that

Defendant committed fraud by misrepresenting her competency.[1]  Defendant's Original Answer

and Counterclaim to Plaintiff's Original Complaint ("Counterclaim"), was filed September 15,

2004.   The Motion of Defendant Linda Rollins-Threats for Summary Judgment ("MSJ"), filed

April 14, 2005, is before the Court for consideration.  Plaintiff failed to respond to Defendant's

Motion for Summary Judgment.  Nonetheless, Defendant filed a Reply Brief in Support of Its

Motion for Summary Judgment ("Defendant's Reply") on May 24, 2005.

I.      **Background**

This case stems from a 1999 divorce and child custody proceeding between Plaintiff and

---

[1]Plaintiff's allegations also include a federal claim for breach of her privacy rights and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and pendant state law claims for malpractice/negligence, malpractice/gross negligence, breach of quasi contract, breach of fiduciary duty, fraud, violation of the Texas Deceptive Trade Practices Act, and mental anguish.

Perry Jackson ("Perry").  Pursuant to Plaintiff's request, Defendant was appointed by the 330th Judicial District Court of Texas to perform a psychological evaluation on Plaintiff, Perry, and their two children. (Counterclaim at 4)  Plaintiff and Perry then entered into Agreed Temporary Orders to accept Defendant as the court-appointed mental health professional to conduct the psychological evaluation.  (*Id.*)  Thereafter, Defendant testified in court as to her conclusions and findings based on the psychological evaluations. (Plaintiff's Original Complaint ("Pl.'s Compl.") at 1)  The Court in the Divorce proceedings awarded joint managing conservatorship to Plaintiff and Perry.  (MSJ at 1)

Defendant is a licensed social worker, marriage and family therapist, and Advanced Clinical Practitioner.  (Counterclaim at 1)  At trial, Defendant submitted, as a trial exhibit, her resume, which revealed that she was not licensed as a psychologist.  (MSJ at 3-4)  Defendant was also questioned about her credentials before giving testimony.  (*Id*. at 4)  Plaintiff did not make a pre-trial attempt to exclude any of Defendant's testimony, nor did she attempt to do so during trial.  (Counterclaim at 5)  Plaintiff never objected to or attempted to strike Defendant's testimony.  (*Id.*)  Further, Plaintiff did not offer any expert testimony that Defendant's psychological evaluation was done improperly.  Plaintiff also never criticized any lack of credentials by Defendant.  (*Id.*)

Plaintiff challenged the Divorce Decree with a Motion for New Trial, which did not mention Defendant or her testimony as a basis for a new trial.  (MSJ at 6)  When the Motion for New Trial was overruled, Plaintiff appealed to the Fifth District Court of Appeals of Texas.  (*Id.*)  Again, the appeal did not mention Defendant or her testimony.  (*Id.*) Plaintiff's appeal was denied, and the Court of Appeals issued an appellate opinion stating that the 330th District Court

did  not abuse its discretion in awarding joint managing conservatorship to Plaintiff and Perry. (*Id.* at 7)

On February 13, 2003, Plaintiff filed suit against Defendant in the 191st Judicial District of Dallas County.  (Counterclaim at 8)  The complaint contained the same causes of action as the present suit, except it did not contain an alleged  violation of 42 U.S.C. § 1983. (*Id.* at 9)   On June 11, 2004, Plaintiff filed an Amended Petition asserting a cause of action under 42 U.S.C. § 1983, and then eventually dismissed the state court case.  (*Id.*)  Then Plaintiff filed the present suit in federal court.  Plaintiff claims that Defendant fraudulently held herself out to be a psychologist and that this alleged misrepresentation improperly induced the state court in the custody proceeding to award a joint managing conservatorship.  (MSJ at 7)  Plaintiff seeks actual, exemplary, treble, and mental anguish damages and attorney fees.  (Pl.'s Compl. at 6-7) Defendant is counterclaiming for her attorney fees, alleging that the suit brought by Plaintiff is frivolous.

## II.   Analysis

### A.   Subject Matter Jurisdiction

Plaintiff claims that this Court has jurisdiction pursuant to 42 U.S.C. § 1983  for Defendant's violation of her constitutional rights.  However, federal courts, as courts of original jurisdiction, cannot review, reverse, or modify final determinations of state court judicial proceedings.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).  Review of such determination is only available in the United States Supreme Court on direct appeal or by writ of certiorari.  *Feldman*, 460 U.S. at 476; *see* 28 U.S.C. § 1257.  This principle is known as the *Rooker-Feldman* doctrine

("the doctrine").  Even if a party couches her claim as a civil rights violation, as Plaintiff has

done, the doctrine still applies.

In addition, there is a well-established policy that federal courts should abstain from

exercising jurisdiction in domestic relations cases. *Reed v. Terrell, et al.*, 759 F.2d 472 (5th Cir.

1985).  "The Fifth Circuit has expressly held that a litigant may not circumvent the domestic

relations exception and seek federal resolution of a state court domestic matter by filing a

complaint in the lower federal courts 'cast in the form of civil rights suits.'"  *Hale v. Harney*,

786 F.2d 688, 690-91 (5th Cir. 1986).   In fact, a plaintiff may not seek a reversal in federal court

of *any* state court judgment simply by casting his complaint in the form of a civil rights action.

*Reed,* 759 F.2d at 473; *see also Hagerty v. Succession of Clement*, 749 F.2d 217, 220 (5th Cir.

1984) (emphasis added).  If the constitutional claims presented to the federal court are

inextricably intertwined with the state court judgment, then the District Court is essentially being

called upon to review the state court decision.  *Howell v. State Bar of Texas*, 710 F.2d 1075,

1077 (5th Cir. 1983).  "This the District Court may not do."  *Id.*

Plaintiff's claims for damages for violation of HIPAA[2] and § 1983 are "inextricably

intertwined" with the state court divorce decree.  Plaintiff is essentially contending that because

of Defendant's alleged misrepresentations in her role as the court appointed mental health

professional and witness, the state court entered an improper divorce and custody decree.

Although Plaintiff only seeks damages against Defendant, the relief requested would require

---

[2]The *Rooker-Feldman* doctrine is not limited to constitutional claims.  "Neither the
Supreme Court nor this court has limited the *Rooker-Feldman* doctrine to constitutional claims."
*Blue Cross and Blue Shield of Maryland, Inc. v. Weiner*, 868 F.2d 1550, 1554 (11th Cir. 1989).
Therefore, the doctrine precludes Plaintiff's HIPAA claims as well.

findings that contradict the divorce decree.  The *Rooker-Feldman* doctrine precludes Plaintiff

from invoking the Court's jurisdiction to obtain what would amount to a retrial of her divorce.[3]

Thus, the *Rooker-Feldman* doctrine precludes Plaintiff from proceeding in this Court.[4]  This

Court lacks subject matter jurisdiction over Plaintiff's federal claims and they are dismissed for

lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1).[5]  Accordingly, Plaintiff's

pendant state law claims are dismissed without prejudice.  The Court will consider a proper

Motion for Attorney Fees filed by Defendant within 20 days, and Plaintiff's response is to be

filed within ten days of that filing.

       Signed this 30th day of June, 2005.

                                      PAUL D. STICKNEY
                                      UNITED STATES MAGISTRATE JUDGE

---

[3]Plaintiff does not attack the constitutionality of Texas' divorce or child custody statutes. Had she made a constitutional attack on the Texas divorce or custody statutes, this Court may have had jurisdiction.  *Feldman*, 460 U.S. at 487; *Howell*, 710 F.2d at 1077.

[4]The Court also notes additional defects in Plaintiff's claims pursuant to 42 U.S.C. § 1983 and HIPAA.  Defendant is entitled to derived judicial immunity, since she was appointed by the state court to perform the psychological evaluation.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding court appointed counselor who performed psychological testing in a divorce dispute judicially immune).  "When judges delegate their authority or appoint others to perform services for the court, the judicial immunity that attaches to the judge may follow the delegation or appointment."  *Byrd v. Woodruff*, 891 S.W.2d 689, 707 (Tex.App.–Dallas 1994, writ denied).  Hence, even if the Court had subject matter jurisdiction, Plaintiff's claims would be barred.

[5]This Court's *sua sponte* dismissal renders moot Defendant's Motion for Summary Judgment, filed April 14, 2005.